UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KENNETH ALLEN RUSSELL,

        Plaintiff,                            No. 15-cv-10776

vs.                                         Hon. Gerald E. Rosen

MICHIGAN DEPARTMENT OF
CORRECTIONS, PAROLE BOARD,
et al.,

        Defendants.
_____/

ORDER OF SUMMARY DISMISSAL

        At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on May 12, 2015

        PRESENT:   Honorable Gerald E. Rosen
                                United States District Chief Judge

        This is an action brought by a prisoner in state custody claiming, in a rambling 50+ page document that he has been "illegally/unlawfully imprisoned" by the Defendants. As Mr. Russell is challenging the legality of his imprisonment, the Court will treat this as a habeas corpus action. Promptly after the filing of a habeas petition, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases; see 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see*

*Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to screen out petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999).

The same screening is required of prisoner civil rights complaints filed pursuant to 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996) ( "PLRA"), the court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 42 U.S.C. § 1997e(c); 28 U.S.C. §§ 1915(e)(2), 1915A.

A frivolous claim is one that "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 1831 (1989). While the court must read a *pro se* plaintiff's complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 595 (1972), and generally must accept the plaintiff's allegations as true, it is not required to do so where the allegations are clearly irrational or wholly incredible. *Denton v. Hernandez,* 504 U.S. 25, 33, 112 S.Ct. 1728, 1733 (1992).

Applying these standards, the Court concludes that Plaintiff's complaint is frivolous and fails to state a claim upon which relief may be granted. Therefore, this case will be dismissed.

Kenneth Allen Russell is incarcerated by the Michigan Department of Corrections in the Central Michigan Correctional Facility in St. Louis, Michigan. He is serving

sentences for criminal sexual conduct, second degree, and absconding. Petitioner pleaded guilty in the Circuit Court in Crawford County, Michigan. He was sentenced on January 9, 2002. He has previously filed complaints challenging the legality of his incarceration (which were summarily dismissed) and actions claiming he has been denied proper medical care by the MDOC. However, the instant action is brought as a criminal complaint and a demand for a grand jury indictment charging the various defendants with various crimes.

However, Mr. Russell has no standing to commence a criminal action in federal court. *See Keenan v. McGrath*, 328 F.2d 610, 611 (1st Cir.1964) (per curiam) ("Not only are we unaware of any authority for permitting a private individual to initiate a criminal prosecution in his own name in a United States District Court, but also to sanction such a procedure would be to provide a means to circumvent the legal safeguards provided for persons accused of crime."); *Bass Angler Sportsman Soc'y v. U.S. Steel Corp.*, 324 F.Supp. 412, 415 (S.D.Ala.) (outlining "the firmly established principle that criminal statutes can only be enforced by the proper authorities of the United States Government and a private party has no right to enforce these sanctions"), *aff'd*, 447 F.2d 1304 (5th Cir.1971). Courts universally endorse the principle that private citizens cannot prosecute criminal actions. *See, e.g., Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir.1989) (per curiam) ("Only the United States as prosecutor can bring a complaint under 18 U.S.C. §§ 241–242 (the criminal analogue of 42 U.S.C.1983) ....") (citations omitted); *Connecticut Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 86–87 (2d Cir.1972) ("It is a

truism, and has been for many decades, that in our federal system crimes are always prosecuted by the Federal Government, not as has sometimes been done in Anglo-American jurisdictions by private complaints."); *Winslow v. Romer*, 759 F.Supp. 670, 673 (D.Colo.1991) ("Private citizens generally have no standing to institute federal criminal proceedings."). In fact, no action may be taken to issue a warrant or summons on a complaint except on the request of an attorney for the government. *See* Fed.R.Crim.P. 4(a).

The foregoing authorities make clear that a prisoner civil rights or habeas action is not a proper vehicle for attempting to bring criminal charges. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) (private citizen lacks standing to initiate criminal proceedings); *see also Associated Builders & Contractors v. Perry*, 16 F.3d 688, 692-93 (6th Cir.1994) (private party lacks standing to compel the state to pursue criminal or civil actions).

For these reasons, the Court determines that Plaintiff's action fails to state a claim and is frivolous, and therefore,

IT IS HEREBY ORDERED that this case shall be, and hereby is, DISMISSED, in its entirety, with prejudice.

Under section 2253(c)(2), the Court must also determine whether a Certificate of Appealability should be granted. A Certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 is a determination that the habeas

action, on its face, lacks sufficient merit to warrant service. It follows that an issue merits review is not warranted.  *See Love v. Butler*, 952 F.2d 10, 15 (1st Cir. 1991) (it is somewhat anomalous for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490, 492 (9th Cir.1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate).

Therefore, Court declines to issue Petitioner a Certificate of Appealability.  The Court will also deny Mr. Russell leave to proceed on appeal *in forma pauperis* as any appeal of this action would not be in good faith. *See  McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir.1997).

SO ORDERED.


s/Gerald E. Rosen
Chief Judge, United States District Court

Dated:  May 12, 2015

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on May 12, 2015, by electronic and/or ordinary mail.

s/Julie Owens
Case Manager, (313) 234-5135